**O**
**JS-6**

# United States District Court
# Central District of California

WELLS FARGO BANK, N.A.,

Plaintiff,

v.

LYNN BEHREN ZIMMERMAN; CLARKE PATTON PAXTON; and DOES 1-10, inclusive,

Defendants.

Case № 2:15-cv-09188-ODW (E)

**ORDER GRANTING REMAND IN PART**

## I. INTRODUCTION

On June 8, 2015, Plaintiff Wells Fargo Bank N.A. ("Wells Fargo") filed an unlawful detainer action and summons against Defendants Lynn Behrens Zimmerman and Clarke Patton Paxton (collectively, "Defendants") seeking restitution and possession of the property located as 175 El Sueno Road, Santa Barbara, CA 93110 (the "Property"), damages in the amount of $123.33 per day from May 30, 2015 through the date of entry of judgment, costs of suit, and other relief as the Court deems just and proper. (Complaint, ECF No. 1, Ex. A.)

On November 25, 2015, Defendants filed a Notice of Removal for the underlying unlawful detainer action. (Notice, ECF No. 1.) Defendants' instant attempt to remove the action is their sixth, despite five previous orders of this Court remanding the matter to the Santa Barbara County Superior Court for lack of subject matter jurisdiction. *See* Case No. 2:15-cv-08651-CAS-MRW, ECF No. 10 (December 3, 2015 Remand Order); Case No. 2:15-cv-08938-ODW-E, ECF No. 5 (November 18, 2015 Remand Order); Case No. 2:15-cv-08268-CAS-MRWx, ECF No. 10 (November 10, 2015 Remand Order); Case No. 2:15-cv-07789-CAS-MRW, ECF No. 11 (October 15, 2015 Remand Order); Case No. 2-15-cv-07268-MWF-MRW, ECF No. 9 (September 22, 2015 Remand Order).

Specifically, in his September 22, 2015 Order, the Honorable Michael W. Fitzgerald remanded the case to the Santa Barbara County Superior Court on the grounds that this Court lacks subject matter jurisdiction over the action, which states a single claim for unlawful detainer. (September 22, 2015 Remand Order.) Following remand of the action, no answer was filed with the state court, and Default Judgment for Possession was entered on October 1, 2015. (*See* October 15, 2015 Remand Order 1. (citing ECF No. 8-1, Default Judgment.)) A Writ of Possession was issued on this same date. (*Id.*)

On October 5, 2015, Defendant Zimmerman filed her second notice of removal for the underlying unlawful detainer action. (*See* Case No. 2:15-cv-07789-CAS-

MRW, ECF No. 1, Notice of Removal.) The second notice of removal attached plaintiff's original, unmodified June 8, 2015 complaint and again stated, in language lifted verbatim from the previous notice of removal, that "this case is not founded on the basis of a Federal Defense but rather on the merits of [a] Constitutional issue and . . . 28 U.S.C. Section 1331 (Federal Question), 28 U.S.C. Section 1332 (Diversity) and 28 U.S.C. Section 1333 (Admiralty, Maritime and Prize Cases)." (October 5, 2015 Notice of Removal 7.) *Compare* October 5, 2015 Notice of Removal with Case No. 2-15-cv-07268-MWF-MRW, ECF No. 1, September 16, 2015 Notice of Removal. While Defendants' second attempt at removing the unlawful detainer action argued one additional ground for removal, that the Superior Court judge should be recused due to an alleged conflict of interest, this purported additional justification lacked merit, as the Court explained in its second Remand Order. (October 15, 2015 Remand Order, at 2, 4.)

On October 22, 2015, Defendants filed their third Notice of Removal, which was an identical, word-for-word copy of their previous Notice and again sought to remove the action on exactly the same grounds that the Court previously expressly rejected. *Compare* October 5, 2015 Notice of Removal with October 22, 2015 Notice of Removal. Accordingly, on November 10, 2015, the Court remanded the case for a third time, and also ordered Defendants to pay Plaintiff Wells Fargo $500.00 in sanctions, pursuant to Federal Rule of Civil Procedure 11(c). *See Wells Fargo Bank NA v. Zimmerman*, No. 215CV08268 CASMRWX, 2015 WL 6948576, at *4 (C.D. Cal. Nov. 10, 2015. The Court also advised Defendants that **"any future attempt to remove this action without an 'objectively reasonable basis for removal' may result in an award of attorney's fees for plaintiff Wells Fargo."** *Id.* (emphasis in original) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)).

On November 5, 2015—while Defendants' third Notice of Removal and Plaintiff's Motion to Remand were still pending before the Court—Defendants filed a fourth Notice of Removal that again offered the very same purported grounds for

removal. On November 12, 2015, Plaintiff filed yet another Motion to Remand, as well as an ex parte application to shorten time for hearing on the Motion. (*See* 2:15-cv-08651-CAS-MRW, ECF Nos. 7–8.)

Again without waiting for the Court's inevitable Remand order, Defendants filed the same Notice of Removal on November 17, 2015. (2:15-cv-08938-ODW-E, ECF No. 1.) This Court then *sua sponte* remanded the November 17, 2015 filing. (*Id.*, ECF No. 5.) Then, on December 3, 2015, the Court remanded the November 5, 2015 filing, this time ordering Defendants to pay Plaintiff $1,000 in sanctions under Federal Rule of Civil Procedure 11(c) and putting Defendants on notice that any subsequent attempts to frivolously remove this action would result in an award of attorney's fees for Plaintiff and that the Court would designate Defendants as vexatious litigants pursuant to Local Rule 83. (2:15-cv-08651-CAS-MRW, ECF No. 10.)

Before the Court now is Defendants' November 25, 2015 Notice of Removal—their sixth removal attempt. (ECF No. 1.) Minor changes in typeface notwithstanding, the Notice of Removal mirrors the prior Notices. On December 9, 2015, Plaintiff filed a Motion to Remand and an ex parte application to shorten the time for hearing on the matter. (ECF Nos. 9–10.)

This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . .'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))). As explained further below, the Court concludes, for the same reasons articulated in all five of the Court's prior orders remanding this case, that it lacks subject matter jurisdiction over this unlawful detainer action and must again remand to state court.

## II. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the

Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, *id.* § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). The court may remand the action *sua sponte* "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

## III. DISCUSSION

A "party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action." *Allen v. UtiliQuest, LLC.*, 2014 WL 94337, *2 (N.D. Cal. Jan. 9 2014) (citing *St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 217 (1883)). As the Ninth Circuit clearly held in *Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 837 F.2d 413 (9th Cir. 1988),

> Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case. Contrary to respondent's position, a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction. A remand order returns the case to the state courts and the federal court has no power to retrieve it. As the statute makes clear, if the remand order is based on section 1447(c), a district court has no power to correct or vacate it.

*Id.* at 414.

"Th[e] general prohibition on successive removals, however, does not apply 'when subsequent pleadings or events reveal *a new and different ground* for removal.'" *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1062 (C.D. Cal. 2014) (quoting *Kirkbride v. Continental Casualty Co.*, 933 F.2d 729, 732 (9th Cir.1991) (emphasis in original)). Here, as explained *supra*, Defendants' sixth Notice of Removal appears to be an identical, word-for-word reiteration of their previous Notices and therefore seeks to remove the action on exactly the same grounds that the Court expressly rejected in its prior orders. Accordingly, for the same reasons explained in this Court's prior orders remanding plaintiff's unlawful detainer action, this Court continues to lack subject matter jurisdiction and must again remand. *See McGee v. Seagraves*, 2006 WL 2014142, at *2 (E.D. Cal. July 17, 2006) (noting unlawful detainer actions are pure matters of state law and "are strictly within the province of state court"); *see also Deutsche Bank Nat'l Trust Co. v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.").

In addition, the Court again notes—as it did in two prior orders remanding the case—that "absent new and different grounds for removal based on newly discovered facts or law, a defendant who improperly removes a case after a federal court previously remanded it risks being sanctioned under Federal Rule of Civil Procedure 11." *Fed. Home Loan Mortgage Corp. v. Pulido*, 2012 WL 5199441, *2 (N.D. Cal. Oct. 20, 2012) (citing *Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 783 (7th Cir.1999) ("Multiple removals could encounter problems—could even lead to sanctions—if nothing of significance changes between the first and second tries" (internal citation omitted))); *see also Leon*, 76 F. Supp. 3d at 1063. Here, Defendants were previously admonished that sanctions could issue if they frivolously sought to remove this action again, and indeed the Court issued sanctions in the amount of

$500.00 in its November 10, 2015 Remand Order and an additional $1,000 in its December 3, 2015 Order. (2:15-cv-08268, ECF No. 10; 2:15-cv-08651, ECF No. 10.) This is now Defendants' sixth attempt at removing this action, the Court again finds it appropriate to issue sanctions pursuant to Rule 11(c), this time in the amount of $2,500.00. Defendants will pay this sanction, along with the outstanding $1,500, within ninety days (on or before March 16, 2016).

Plaintiff also asks the Court to designate Defendants as vexatious litigants under Local Rule 83. (ECF No. 8, Motion for Remand 7.) In its December 3, 2015 Remand Order, this Court warned Defendants that, should they file another Notice of Removal relating to the underlying unlawful detainer action, the Court would take "punitive remedial action" and potentially order Defendants to appear before the Court to explain why they should not be deemed vexatious litigants. (2:15-cv-08651, ECF No. 10 7.) (quoting *Schneider v. Roberts*, No. CV 13-06690-UA, 2014 WL 935157, at *5 (C.D. Cal. Mar. 5, 2014) (King, C.J.)).

While this Order comes after the December 3, 2015 Order, the instant filing predates the December 3Order's warning. Therefore, the Court declines to designate Defendants as vexatious litigants at this time. However, should Defendants file any more Notices of Removal without an objectively reasonable basis for that removal, the Court will not hesitate in ordering Defendants be deemed vexatious. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057–58 (9th Cir. 2007) ("The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants.")[1]

---

[1] C.D. Cal. Local Rule 83-8 sets out this Court's policy regarding vexatious litigants and provides that:

> It is the policy of the Court to discourage vexatious litigation and to provide persons who are subjected to vexatious litigation with security against the cost of defending such litigation and appropriate orders to control such litigation. It is the intent of this rule to augment the inherent powers of the Court to control vexatious litigation and nothing in this rule shall be construed to limit the Court's inherent power in that regard. [L-R 83-8.1]

## IV. CONCLUSION

For the reasons discussed above, Plaintiff Wells Fargo's Motion to Remand is **GRANTED** in part, and this case is hereby **REMANDED** to the Santa Barbara County Superior Court, Case No. 15CV01403, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). Plaintiff's pending ex parte application to shorten time for hearing is hereby **DENIED AS MOOT**. In addition, the Court also orders Defendants to **pay Plaintiff an additional $2,500.00 in SANCTIONS**, **due to Plaintiff by 3/16/2016**, pursuant to Federal Rule of Civil Procedure 11(c). Defendants are also put on notice that any future attempt to remove the underlying unlawful detainer action **WILL** result in the designation of Defendants as vexatious litigants, in accordance with C.D. Cal. Local Rule 83.

**IT IS SO ORDERED.**

December 16, 2015

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

---

On its own motion or on motion of a party, after opportunity to be heard, the Court may, at any time, make such other orders as are appropriate to control the conduct of a vexatious litigant. Such orders may include, without limitation, a directive to the Clerk not to accept further filings from the litigant without payment of normal filing fees and/or without written authorization from the Judge of the Court or a Magistrate Judge, issued upon such showing of the evidence supporting the claim as the Judge may require. [L-R 83-8.2]

Any order issued under L.R. 83-8.2 shall be based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken. [L-R 83-8.3]